United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MANUFACTURERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Case No. 20-cv-04887-JSW<br><br>**NOTICE OF QUESTIONS FOR HEARING ON MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. No. 31 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON SEPTEMBER 11, 2020, AT 9:00 a.m.:

The Court has reviewed the parties' briefs and, thus, does not wish to hear the parties reargue matters addressed in those briefs. The Court notes that although five amicus groups have appeared to submit briefs, none have registered to participate in the hearing.

If the parties intend to rely on legal authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities or citations to the record by no later than Thursday, September 10, 2020 at noon. If the parties submit such additional legal authorities, they are ORDERED to submit the citations (including the pin citations) and attach any new authority cited to their submission, but are not to include additional argument or briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The parties shall be given 45 minutes each to address the following questions:

1. Presidential Proclamation 10052 provides that "under the extraordinary circumstances of the economic contraction resulting from the COVID-19 outbreak, certain nonimmigrant visa programs authorizing such employment pose an unusual threat to the employment of American workers." What is the Department of Homeland Security ("DHS")'s best argument that the record they have provided to the Court supports this factual premise for the Proclamation? Please provide the Court with specific factual citations in the record.

   a. What is DHS's response to the extensive record provided by Plaintiffs and four sets of amici that the evidence and the facts do not support the stated intention of the Proclamation?

   b. What is Plaintiffs' response to the amicus brief and citation to evidence provided by U.S. Tech Workers that unemployment of "computer workers" has risen?

2. Plaintiffs do not contend that the Proclamation must be supported by a record of findings under the Administrative Procedures Act ("APA"), but rather that the executive action exceeds the authority granted to the President under Immigration and Naturalization Act ("INA") Section 212(f). 8 U.S.C. Section 1182(f). Section 1182(f), invoked by the President in this instance, provides that:

> Whenever the President finds that the entry of any aliens or of any class of aliens into the United States would be detrimental to the interests of the United States, he may by proclamation, and for such period as he shall deem necessary, suspend the entry of all aliens or class of aliens as immigrants or nonimmigrants, or impose on the entry of aliens any restrictions he may deem to be appropriate.

With the exception of the statement that such a finding has been made in the text of the Proclamation itself, where in the record have findings based on evidence been made that entry of any of these three classes of nonimmigrants would be "detrimental to the interests of the United States"? Please provide the Court with specific factual citations in the record.

On what legal bases or standards are these discretionary decisions to be made? By what standard does the Court evaluate the evidence and the adequacy of the findings made to support

the Proclamation? Does the Court weigh conflicting evidence in support of the Proclamation and, if so, which party, if any, has the burden of proof?

3. In the context in which the Proclamation was issued – concerning domestic policy and employment as opposed to foreign relations and national security – what is DHS's position and legal authority regarding the level of deference this Court owes to the invocation of executive authority under Section 1182(f)?

4. The Proclamation includes a limitation of scope in Section 3 and an exemption to enforcement in Section 4, but no specific guidance on how those limitations or exemptions are to be invoked or effectuated.

Section 3 provides a limitation in scope for aliens deemed necessary to provide temporary labor or services essential to the food supply chain and "any alien whose entry would be in the national interest as determined by the Secretary of State, the Secretary of Homeland Security, or their respective designees."

Section 4(i) provides that these same officials may determine in their discretion that enforcement of the Proclamation be exempted in areas critical to defense, law enforcement, diplomacy, or national security of the United States, for medical care or research to aid Americans suffering with COVID-19, or those who are deemed necessary to facilitate the immediate and continued economic recovery of the United States.

    a. On what legal bases or standards are these discretionary decisions to be made?

    b. Do the developing regulations comport with the APA and where in the record are such findings to be found?

    c. Why should executive branch officials be enabled to use their discretion to make the determination of limitations or exceptions to the Proclamation when Congress has made these determinations in legislation governing nonimmigrant visa processing?

5. Does either party have anything further they wish to address?

**IT IS SO ORDERED.**

Dated: September 9, 2020

_____
JEFFREY S. WHITE
United States District Judge