1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATIONAL ASSOCIATION OF MANUFACTURERS, et al., | Case No. 20-cv-04887-JSW |
| Plaintiffs, | **ORDER OF DISCLOSURE** |
| v. | |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Defendants. | |

The undersigned issues this Order of Disclosure to advise the parties of an issue that recently came to my attention.  Under 28 U.S.C. section 455(b)(4), a judge should disqualify himself when he "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding[.]"  *See also* Code of Judicial Conduct Canon 3(C)(1).

The undersigned participated in a year-end financial review during the third week of December and during that review learned I was invested in a closed/end investment fund in which securities were held in my name.  Among the securities included in the fund were Amazon.com, Inc., Microsoft Corporation, Netflix, Inc., Square, Inc., Spotify, Inc., Twitter, Inc., Uber Technologies, Inc., and Zillow Group, Inc.

Each of those entities participated in this litigation as *amici*.  Pursuant to Advisory Opinion 63 issued by the Committee on Codes of Conduct, in some instances a judge should disqualify himself based on an interest in an *amici*.  That opinion provides, in relevant part that:

[a]ny interest that could be substantially affected by the outcome of
a proceeding is a disqualifying interest; this restriction applies to an

1
2
3
4
5
6

ownership interest in any corporation, whether or not the corporation appears as an amicus.  An example of when an ownership interest in an amicus could result in disqualification would be when the amicus is in the same industry as the party and the value of industry stock generally could be substantially affected by the decision in the pending case.  Even in those situations where an ownership interest could be substantially affected, one might doubt that a judges impartiality might reasonably be questioned if the interest is minimal.  However, under the Code the extent of the judge's interest is irrelevant.

7

28 U.S.C. section 455(f) provides:

8
9
10
11
12
13

Notwithstanding the preceding provisions of this section, if any … judge… to whom a matter has been assigned would be disqualified, after substantial judicial time has been devoted to the matter, because of the appearance or discovery, after the matter was assigned to him or her, that he or she individually or as a fiduciary, or his or her spouse or minor child residing in his or her household, has a financial interest in a party (other than an interest that could be substantially affected by the outcome), disqualification is not required if the … judge…, divests himself or herself of the interest that provides the grounds for the disqualification.

14   *See also* Code of Judicial Conduct Canon 3(C)(4).

15   It is my understanding that the securities in the fund were purchased between April 2020

16   and November 2020, but I did not direct the purchase of the securities and was not aware that I

17   held the securities until the year-end review.  Within 72 hours of learning of this investment, I

18   divested myself of the interest in all securities held in the fund, including the securities listed

19   above.

20   Although this case was filed this year, in light of the time and effort the parties and I have

21   invested in the matter to date, I conclude the public interest would be served by my continued

22   participation on the case.  I also conclude the fact surrounding my discovery of the issue and my

23   subsequent divestment of the securities does not require recusal from this matter.  However, I am

24   issuing this Order to disclose the issue to the parties.  If any party has an objection to the

25   undersigned continuing to preside over this matter, they shall file those objections by no later than

26   January 26, 2021.

27   //

28

United States District Court
Northern District of California

2

1    I shall not take any further action in this matter until I have received, considered, and

2    resolved those objections.  If no party objects, I will resume work on this matter.

3    **IT IS SO ORDERED.**

4    Dated: January 5, 2021

5

6    JEFFREY S. WHITE
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California